UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOORDASH, INC., GRUBHUB, INC., and PORTIER, LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>CITY OF NEW YORK,<br><br>        Defendant. | No. 21-cv-7564 |

**MOTION OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS**

Donald B. Verrilli, Jr.
Elaine J. Goldenberg (*pro hac vice* pending)
Brendan B. Gants (*pro hac vice* pending)
Munger, Tolles & Olson LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, DC 20001
(202) 220-1100

Attorneys for *Amicus Curiae*
Chamber of Commerce of the United States of America

PLEASE TAKE NOTICE that the Chamber of Commerce of the United States of America ("Chamber") respectfully requests leave to file the accompanying *amicus curiae* brief in support of Plaintiffs.[1] In support of the Motion, the Chamber states as follows:

The Chamber is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than 3 million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files *amicus curiae* briefs in cases, like this one, that raise issues of concern to the nation's business community.

One of the Chamber's key priorities is protecting innovation and entrepreneurialism against policies that threaten economic growth. Gig-economy companies such as Plaintiffs are a significant driver of economic innovation and are threatened by stifling regulations. The Chamber frequently litigates and submits *amicus* briefs on issues concerning state and local regulation of the gig economy. *See, e.g.*, *Chamber of Commerce of the United States v. City of Seattle*, 890 F. 3d 769 (9th Cir. 2018); *Amicus Curiae* Brief of the Chamber of Commerce of the United States of America, *Chan Healthcare Grp. PS v. Liberty Mut. Fire Ins. Co. & Liberty Mut. Ins. Co.*, 192 Wash. 2d 516, 431 P.3d 484 (2018).

"A district court has broad discretion in deciding whether to accept an *amicus* brief." *City of New York v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997), *aff'd*, 179 F.3d 29 (2d Cir. 1999). District courts generally accept amicus briefs when a case has potential ramifications for an *amicus*'s interests or when an *amicus* has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *C & A Carbone, Inc. v. Cnty. of Rockland, NY*, No. 08-CV-6459-ER, 2014 WL 1202699, at *3

---

[1] *Amicus* is not a subsidiary or affiliate of any publicly owned corporation. *Amicus* affirms that no counsel for any party authored the *amicus* brief in whole or in part, and no entity or person, aside from the *amicus*, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of the brief.

(S.D.N.Y. Mar. 24, 2014) (citation omitted); *e.g.*, *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007); *see also Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986) (describing the "classic role" of *amici* as, among other things, "assisting in a case of general public interest").

The Chamber and its members have a substantial interest in the legal issues presented in this proceeding, which are of general public interest and have significant ramifications beyond the parties directly involved. Additionally, as a broad-based association that studies and advocates on issues affecting its member businesses—whose ability to conduct commerce, create jobs, and serve customers would be threatened by arbitrary price caps—the Chamber has a unique perspective and substantial expertise in issues of economic regulation. The Chamber respectfully submits that its experience, perspective, and additional arguments may help inform and assist the Court in its resolution of the legal issues presented in this case.

Plaintiffs, through their counsel, have consented to the filing of the *amicus* brief. Counsel for the City of New York stated that the City takes no position on this motion and, if appropriate, reserves the right to respond to the *amicus* brief.

## CONCLUSION

For the foregoing reasons, the Chamber respectfully requests leave to submit the attached brief as *amicus curiae*.

Dated: March 29, 2022

Respectfully submitted,

*/s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.
Elaine J. Goldenberg (*pro hac vice* pending)
Brendan B. Gants (*pro hac vice* pending)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, DC 20001
Telephone: (202) 220-1100

*Attorneys for Amicus Curiae
Chamber of Commerce of the United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, DC 20001
Telephone: (202) 220-1100

*Attorney for Amicus Curiae*
*Chamber of Commerce of the United States of America*