**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Anne Champion
Direct: +1 212.351.5361
Fax: +1 212.351.5281
AChampion@gibsondunn.com

February 14, 2023

VIA ECF

The Honorable Gregory H. Woods
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *DoorDash, Inc. et al. v. City of New York*, No. 1:21-cv-07564 (GHW)

Dear Judge Woods:

I write as Plaintiffs' counsel in the above-referenced action to apprise the Court of recent supplemental authority relevant to the City's pending motion to dismiss (Dkt. No. 38).

Last week, the Washington Supreme Court addressed a challenge to a Seattle law passed during the COVID-19 pandemic, brought by the third-party food delivery platform Instacart. *Washington Food Indus. Ass'n & Maplebear, Inc. v. City of Seattle*, --- P.3d ----, No. 99771-3, 2023 WL 1830835 (Wash. Feb. 9, 2023) (en banc). Among other things, the law imposed premium pay requirements for independent contractors that work with platforms like Instacart, and was limited to the duration of the COVID-19 civil emergency.

Instacart raised constitutional challenges to the law that are similar to Plaintiffs' challenges to New York City's commission cap at issue in this case, including that the challenged law altered the contractual relationship between Instacart and the independent delivery providers that use its platform. The Washington Supreme Court unanimously held that Instacart stated claims under the Takings Clause and Contracts Clause, and for damages under federal law. The court also held that Instacart stated a claim that the Seattle law exceeds the city's police powers. A copy of the decision is attached as Exhibit A.

This decision is relevant to Plaintiffs' claims here in several ways.

*First*, the court unanimously held that Instacart stated a viable Takings claim because it "sufficiently alleged that the ordinance amounts to a regulatory taking," and "Instacart may be able to show that the ordinance interferes with its investment-backed expectations to the degree that is 'functionally equivalent to the classic taking.'" *Id.* at *13 (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 539 (2005)).

*Second*, the court unanimously held that the Contracts Clause claim should not be dismissed because whether the challenged law substantially impairs Instacart's contracts—the first step in the Contracts Clause analysis—"is a factual question we cannot resolve on the limited record before us." *Id.* at *14. The court reasoned that "the inquiry into the extent to which the law undermines the bargain, interferes with reasonable expectations, or prevents a party

GIBSON DUNN

from safeguarding their rights involves factual assessment." *Id*.

***Third***, the court held that Instacart's police powers claim must also survive a motion to dismiss because Instacart "alleged sufficient facts that the ordinance does nothing to promote the health, safety, and welfare of people during the pandemic," and "Instacart may be able to establish, in a trial, that the imposition of hazard pay has no rational connection to protecting public health." *Id.* at \*16 (Owens, J., concurring).

***Lastly***, the court held that Instacart's claim for damages and attorneys' fees under 42 U.S.C. § 1983 should not be dismissed because Seattle may be liable for those damages if the Seattle law is ultimately found unconstitutional. *Id.* at \*14.

This decision provides further support for Plaintiffs' arguments that this Court should deny the City's motion to dismiss.

Respectfully submitted,

/s/ *Anne Champion*
Anne Champion

cc: All counsel of record (via ECF)