```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/5/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

X
:
DOORDASH, INC., GRUBHUB INC.,           :
and PORTIER, LLC,                       :
                                        :          No. 1:21-cv-7564-GHW
                 Plaintiffs,            :
                                        :          **STIPULATED**
       -v-                              :          **CONFIDENTIALITY**
                                        :          **AGREEMENT AND**
CITY OF NEW YORK,                       :          **PROTECTIVE ORDER**
                                        :
                 Defendant.             :
                                        :
X

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order (hereinafter "Confidential Discovery Material"), no person subject to this

Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2.      The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential any document or information, in whole or in part, that it reasonably and in good faith believes consists of:

(a)      previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, minimum guarantee payments, sales reports, and sale margins);

(b)      previously non-disclosed material relating to ownership or control of any non-public company;

(c)      previously non-disclosed business plans, product-development information, or marketing plans;

(d)      any information of a personal or intimate nature regarding any individual;

(e)      Non-public governmental, sensitive, or personal information, or other non-public information for which confidentiality is necessary to protect the interests of the Producing Party or non-party.

(f)      any information for which confidentiality is necessary to protect the interests of the client in proprietary, trade secret or otherwise sensitive non-public information; or

(g)      any other category of information given confidential status by this Court after the date of this Order.

3.      Confidential Discovery Material will be stamped "Confidential."  To the extent a Producing Party wishes to designate only a portion of any Discovery Material as Confidential,

the Producing Party or its counsel may designate such portion as "Confidential" by:  (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by:  (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded (or longer if consented to by the Parties), of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential.  If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some Discovery Material, or portions thereof, that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.  Thereafter, all persons subject to this Order will treat such designated Discovery Material, or portions thereof, as Confidential.  In

addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

6.     If a Producing Party has designated a document or information as Confidential, that party may remove such document or information from the scope of that protection by notifying in writing the Parties and reproducing the document or information without such designation.

7.     Nothing contained in this Order will be construed as:  (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information.  In the event the Party who received PII experiences a data breach, it shall immediately, and no later than within 48 (forty-eight) hours of learning of such a breach, notify the Producing Party of the same and cooperate with the Producing Party to address and remedy the breach.  Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure. Notwithstanding the above, the Producing Party may redact out information consistent with Federal Rule of Civil Procedure 5.2(a).

9.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)      outside counsel for the Parties (which shall include Corporation Counsel for purposes of this Stipulation), and employees of such counsel who are necessary to assist in the litigation;

(b)      if the City is the Producing Party, (i) outside counsel, (ii) in-house counsel for Plaintiffs, and (iii) those employees of Plaintiffs who are necessary to assist in the litigation;

(c)      if a Plaintiff is the Producing Party, (i) those employees of the City who are necessary to assist in the litigation, (ii) outside counsel, and (iii) no more than three designated internal counsel for each non-producing Plaintiff, provided such internal counsel has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, and further provided that the Producing Party has consented in writing to the disclosure of such Confidential Discovery Material to such internal counsel;

(d)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)      as to any document, its author, its addressee, and any other person shown on the face of the document or in metadata produced therewith as having received a copy;

(f)      any witness who a party in good faith believes may be called to testify at trial, by affidavit, or in a deposition in this action regarding the Confidential Discovery Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, and further provided that Confidential Discovery Material produced by a

Plaintiff may not be disclosed to a co-Plaintiff's witness, unless otherwise provided for under Section 9;

(g)     testifying or consulting experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers and video technicians engaged to transcribe or record depositions in this action, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material;

(i)     independent photocopying services, graphic production services, or discovery and other litigation support services engaged by the parties or their counsel to assist in this action, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material;

(j)     any person to whom disclosure is agreed to in writing by the Producing Party, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and

(k)     this Court, including any appellate court, its support personnel, and court reporters.

10.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(c)(iii), 9(d), 9(f), 9(g), or 9(j) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement and produce it to opposing counsel upon request.

11.     This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified.  The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

12.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.  In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents.  The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

13.     The designation of information as "Confidential" by any party or third party shall require any other party wishing to file such information with the Court to file the information as

a proposed sealed document or in redacted form.  When a party files such materials in proposed

sealed or redacted form on the ground that an opposing party or third party has requested it, the

filing party shall notify the opposing party or third party requesting such treatment that it must

file, within five business days, a letter explaining the need to maintain the materials under seal or

in redacted form.  Within five business days of the filing of any such letter, the filing party may

then file a responsive letter setting forth its position regarding the need to seal or redact the

materials.

14.     Notwithstanding paragraph 14 of this Stipulated Confidentiality Agreement and

Protective Order, with respect to the filing of a summary judgment motion following the

conclusion of discovery in this litigation, an omnibus motion to seal addressing all sealing issues

in connection with the summary judgment motion may be filed after briefing on summary

judgment concludes so as to avoid piecemeal motions.

15.     Any Party who objects to any designation of confidentiality may at any time

before the trial of this action serve upon counsel for the Producing Party a written notice stating

with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly,

counsel for all affected Parties will address their dispute to this Court in accordance with

paragraph 2(C) of this Court's Individual Practices.

16.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes

only" in extraordinary circumstances), may at any time before the trial of this action serve upon

counsel for the recipient Parties a written notice stating with particularity the grounds of the

request.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will

address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules

of Practice in Civil Cases.

17.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation, regulatory, or enforcement proceeding, including by any City official or agency in connection with any investigation of potential violations of laws or regulations or in connection with any enforcement action by the City of New York (the "City"). Nothing contained in this Order, however, will affect or restrict the rights of (i) any Party with respect to its own documents or information produced in this action or (ii) prohibit the City, its agencies, or any of its officials or employees from utilizing Confidential Discovery Material in any enforcement action, investigation, or for any other purpose if the City has obtained such Confidential Discovery Material independent of discovery in this action.

18.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other legal process ("Subpoena"), provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the Subpoena if the Producing Party deems it appropriate to do so.  If the Producing Party seeks to quash, limit, or object to the Subpoena, the Party to which the Subpoena is directed shall not produce Confidential Discovery Material until a court has ruled on the Producing Party's motion.  The obligations of the Party to which the Subpoena is directed shall be limited to informing the Party seeking the Confidential Discovery Material that the materials sought by the Subpoena were produced subject to this Protective Order and will not be produced until a court rules on the Producing Party's motion.

19.     Each person who has access to Confidential Discovery Material must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20.     Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or destroy such material—including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

21.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

22.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.


        SO STIPULATED AND AGREED.

GIBSON, DUNN & CRUTCHER, LLP
Attorneys for Plaintiffs DoorDash, Inc.,
Grubhub Inc., and Portier, LLC

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
Attorney for Defendant City of New York

By:  */s/ Anne Champion*
Anne Champion
200 Park Avenue, 48th Floor
New York, New York 10166
(212) 351-4000
achampion@gibsondunn.com

Dated: March 5, 2024

By:  */s/ Nicholas Ciappetta*
Nicholas Ciappetta
100 Church Street, 4th Floor
New York, New York  10007
(212) 356-4036
nciappet@law.nyc.gov

Dated: March 5, 2024

SO ORDERED.

Dated:  March 5, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge

Exhibit A
to Stipulated Confidentiality
Agreement and Protective Order

SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | X | |
| DOORDASH, INC., GRUBHUB INC., and PORTIER, LLC, | : | |
| | : | |
| | : | No. 1:21-cv-7564-GHW |
| Plaintiffs, | : | |
| | : | |
| -v- | : | **NON-DISCLOSURE** |
| | : | **AGREEMENT** |
| CITY OF NEW YORK, | : | |
| | : | |
| Defendant. | : | |
| | X | |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  I agree that I will not use or cause to be used any Confidential Discovery Material produced by another Party, or any knowledge gained therefrom, for any business or other purpose, other than for purposes of this litigation.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date: