```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DOORDASH, INC., GRUBHUB, INC., and            :
PORTIER, LLC,                                  :      21 Civ. 7564 (GHW) (GS)
                                               :
                        Plaintiffs,            :              ORDER
                                               :
         - against -                           :
                                               :
CITY OF NEW YORK,                              :
                                               :
                        Defendant.             :
-------------------------------------------------------------X
```

**GARY STEIN, United States Magistrate Judge:**

Before the Court is Plaintiffs' motion to compel discovery of certain documents from Defendant City of New York ("City"). (Dkt. No. 111 (Letter or "Ltr.")). The City has filed a letter in opposition (Dkt. No. 112 (Response or "Resp.")), and the Court held oral argument on the motion on September 19, 2024. (*See* Dkt. No. 114). For the reasons set forth below, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART.**

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In evaluating what information is discoverable, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit." *Id.* The information sought need not be admissible at trial to be discoverable. *Id.*

Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792, (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (cleaned up). "To satisfy this standard, 'the moving party must articulate a concrete linkage between the discovery sought and the claims or defenses asserted in the case.'" *Ekstein v. Poito Assoc.*, No. 20 Civ. 1878 (JCM), 2022 WL 783000, at *3 (S.D.N.Y. Mar. 15, 2022) (quoting *Edmondson v. RCI Hosp. Holdings, Inc.*, No. 16 Civ. 2242 (VEC), 2018 WL 4112816, at *1 (S.D.N.Y. Aug. 29, 2018)) (cleaned up).

The party moving to compel discovery "bears the initial burden of demonstrating that the information sought is relevant and proportional." *Sportvision, Inc. v. MLB Advanced Media, L.P.*, No. 18 Civ. 3025 (PGG) (VF), 2022 WL 2817141, at *1 (S.D.N.Y. July 19, 2022); *see also Citizens Union of City of N.Y. v. Attorney General of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) ("Plaintiffs, as the parties seeking discovery from [defendant], bear the initial burden of proving that the information and documents sought are relevant and proportional to the needs of the case."). Once the moving party has made this showing, "the burden shifts to the opposing party to justify curtailing discovery." *Sportvision*, 2022 WL 2817141, at *1.

Federal district courts have broad discretion in ruling on a motion to compel discovery. *See Grand Cent. P'ship. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999); *see also EM Ltd. v. Rep. of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process.").

## DISCUSSION

The Court assumes the parties' familiarity with the Plaintiffs' constitutional claims challenging the 2020 food delivery service fee cap legislation made permanent by the New York City Council in August 2021 (the "Fee Cap Legislation"). (*See* Dkt. No. 34 (First Amended Complaint)); *DoorDash, Inc. v. City of New York*, 692 F. Supp. 3d 268 (S.D.N.Y. 2023) (denying City's motion to dismiss).

As relevant to the instant motion to compel, Plaintiffs are seeking documents responsive to its Requests for Production ("RFPs") from 2022 and 2023 from ten custodians: New York City Council members Francisco Moya and Kalman Yeger and eight of their staff members (the "Ten Custodians"). (*See* Ltr. at 1 n.1). While the City has agreed to produce responsive documents for the Ten Custodians for years 2019, 2020, and 2021, it resists producing them for 2022 and 2023, after the Fee Cap Legislation was enacted. (*Id.* at 1; Resp. at 1).

Plaintiffs submit that documents from 2022 and 2023 which the Ten Custodians possess "may reflect information regarding the effects and merits of the commission-cap law, the Council's intent in passing the legislation, and evidence of

3

discriminatory animus towards Plaintiffs as out-of-state" businesses. (Ltr. at 1). Specifically, Plaintiffs aver that the Ten Custodians' 2022 and 2023 documents are likely to contain responsive materials because (1) the City's Department of Consumer and Worker Protection ("DCWP") prepared, for the City Council's consideration, a 2023 report on the effects of the Fee Cap Legislation (the "DCWP Report"); and (2) in 2022 and 2023, the City Council considered (though it did not adopt) a proposed amendment to the Fee Cap Legislation that would have ameliorated the impact of the caps on delivery services such as those operated by Plaintiffs (the "Proposed Amendment"). (*See* Ltr. at 2-3).

For its part, while acknowledging that it has agreed to produce documents through 2023 for certain of its agencies and the Mayor's office, the City resists discovery of the Ten Custodians for 2022 and 2023 on two principal grounds: (1) the requested documents are not relevant under Fed. R. Civ. P. 26(b)(1) because they would not be probative of the City Council's motivation in adopting the Fee Cap Legislation years earlier; and (2) Plaintiffs waited too long to move to compel and requiring production of these documents now would unduly burden the City and delay the completion of its document review and production. (Resp. at 2-3).

The Court rejects Defendant's second argument. The record reflects that discovery in this case has been complex and generated a host of issues that the parties have, to their credit, worked hard to sort out between themselves. (*See, e.g.*, Ltr. at 3; Resp. Ex. 1). Although the parties apparently reached an impasse on the instant dispute as far back as May 2024 (Resp. at 3), Plaintiffs explain that they

4

waited to raise this dispute while the parties completed negotiations on other issues so as to avoid burdening the Court with piecemeal discovery disputes. (Ltr. at 3). The Court credits that explanation. Moreover, the City's complaints about burden and delay ring somewhat hollow considering the fact that it had not produced *any* documents at the time Plaintiffs filed their motion to compel.

Turning to the issue of relevance, the Court analyzes separately the two reasons proffered by Plaintiffs for why post-enactment documents from the Ten Custodians are relevant: the DCWP Report and the Proposed Amendment. As to the former, Plaintiffs argue that communications reflecting the Ten Custodians' views on the DCWP Report bear on both the purpose and effects of the Fee Cap Legislation. (Ltr. at 2). In response, the City argues that it has agreed to produce 2022 and 2023 documents from DCWP-specific custodians, and not the Ten Custodians, because only that agency is charged with analyzing the "effects of the fee cap" every two years and "the City Council has no role in the preparation of the biennial report." (Resp. at 2).

Here, the City has the better of the argument. Under the Fee Cap Legislation, DCWP is entrusted with studying the effects of the law, and Plaintiffs will be receiving documents relating to the DCWP Report from the DCWP and other City agencies. Although the Ten Custodians may have exchanged comments with each other and third parties about the DCWP Report's findings, Plaintiffs have failed to explain how such comments, from persons who had no involvement in preparing the report and no personal knowledge about the effects of the legislation,

5

would have any significant probative value. Nor is there any non-speculative reason to believe that the DCWP Report would have precipitated any comments by the Ten Custodians about the purpose and intent of the Fee Cap Legislation, which was not the subject of the report. The Court thus finds that the DCWP report does not present a reason for finding the requested discovery relevant and proportional.

The same cannot be said, however, about documents concerning the Proposed Amendment. As both parties acknowledged at oral argument, the Proposed Amendment would have significantly altered the core feature of the Fee Cap Legislation which this lawsuit challenges: the maximum percentages of certain fees food delivery services can charge restaurants. Council Member Moya, one of the chief sponsors of the original Fee Cap Legislation, wrote an op-ed opposing the Proposed Amendment and defending the existing law, decrying how higher fees would direct more revenues and profits back to the "out-of-state headquarters" of the food delivery service companies. (Dkt. No. 88-3). Thus, there is ample reason to believe that communications regarding the Proposed Amendment could shed light on the purpose and intent of the original Fee Cap Legislation, including Plaintiffs' theory that it was motivated by discriminatory animus against out-of-state companies such as Plaintiffs.

While the City argues that Plaintiff should be satisfied with the publicly available "committee reports and hearing testimony" related to the Proposed Amendment and that "[a] communication by a single staff member or councilmember would not demonstrate animus by the City Council as a whole"

6

(Resp. at 2), this argument proves too much. The same objections could be made to discovery of the Ten Custodians' documents during the 2019 to 2021 period, yet the City has agreed to produce those documents, thereby acknowledging (at least for purposes of discovery) that this type of evidence of legislative intent and purpose may be relevant and proportional in this action.[1] The Court discerns no reason why documents from the Ten Custodians during 2022 and 2023 that bear on the intent and purpose of the Fee Cap Legislation would not also be relevant and proportional.

However, this does not mean that Plaintiffs should be entitled to as extensive discovery of the Ten Custodians' documents during the later time period as for the earlier years. Instead, discovery should be tailored to the reason why it is relevant to Plaintiffs' constitutional challenge—the Proposed Amendment and its connection to the motivation behind the Fee Cap Legislation. Plaintiffs should therefore be entitled to limited discovery of documents from the Ten Custodians during 2022 and 2023 related to the Proposed Amendment.

To the extent not referenced herein, the Court has considered the parties' other arguments in support of and in opposition to the motion to compel and finds them to be unpersuasive.

## CONCLUSION

Plaintiffs' motion to compel is **GRANTED IN PART AND DENIED IN PART**. Counsel for the parties are directed to meet and confer on targeted search

---

[1] So far, in this litigation, the City has declined to assert that such documents are protected by legislative privilege. (*See* Dkt. No. 103 at 56:3-57:7).

terms related to the Proposed Amendment to the Fee Cap Legislation for the Ten Custodians.

The Clerk of Court is respectfully directed to close the open motion at Docket Number 111.

**SO ORDERED.**

DATED:   New York, New York
         September 30, 2024

_____
GARY STEIN
United States Magistrate Judge